IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACK CURRY, JR.,
and WILLIAM MADISON,

Defendants.                                                           No. 09-30026-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Now before the Court is Defendant Madison's motion in limine to exclude evidence of, references to, and questions regarding his prior convictions (Docs. 38 & 39). Specifically, Madison moves in limine as to the following prior convictions: 1975 military convictions for Possession of Marijuana and Absent without Leave; 1976 St. Clair County conviction for Armed Robbery; 1996 Gwinnett County, Georgia convictions for Driving Under the Influence of Alcohol and Driving Without Insurance; and a 2001 Conviction in the Southern DIstrict of Illinois for Felon in Possession of a Firearm. Madison argues that evidence of these prior convictions cannot survive the balance test applied to evidence admitted under Rule 404(b) and all but the 2001 Conviction are barred by the presumptive ten-year limit in Rule 609(b). The Government has filed a response arguing that the 2001 conviction is admissible under Rule 609 and that at this time it does not intend to

raise the other convictions for admission under Rules 404(b) or 609. (Doc. 42). Based on the following, the Court grants in part and denies in part Madison's motion.

**2001 Felon in Possession of a Firearm Conviction**

Pursuant to **FEDERAL RULE OF EVIDENCE 609(b)**, prior crimes are only admissible for impeachment purposes if no more than ten years have elapsed from the date of conviction or the date of release from confinement. Clearly, Madison's 2001 Conviction falls within this ten-year period. Accordingly, evidence of this crime should be allowed for impeachment purposes if this Court finds that the conviction meets the balancing test provided in **RULE 609(a)**.

**FEDERAL RULE OF EVIDENCE 609(a)** provides that, "[f]or the purpose of attacking the credibility of a witness, ... evidence that an accused has been convicted of such a crime *[i.e.* one punishable by more than a year's imprisonment] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." In ***United States v. Mahone,* 537 F.2d 922 (7th Cir. 1976)**, the Seventh Circuit articulated a five-part test to guide a district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality

of the credibility issue.  *See United States v. Montgomery*, 390 F .3d 1013,1015 (7th Cir. 2004); *United States v. Hernandez,* 106 F.3d 737, 739-40 (7th Cir. 1997); *Rodriguez v. United States,* 286 F.3d 972, 983 (7th Cir. 2002).

As to the 2001 Conviction of Felon in Possession of a Firearm, Madison asserts that this conviction is not admissible under 402, 403, 404(b) or 609 of the Federal Rules of Evidence.  Madison contends there is nothing about this conviction which makes any of the elements of distribution of cocaine base more or less likely; that any relevance is so slight as to be outweighed by the unfair prejudice which 403 prohibits and that 609 prohibits the evidence because the probative value of the evidence does not outweigh the prejudice effect.   The Government responds that the 2001 Conviction is admissible under 609 of the Federal Rules of Evidence as it is offered to attack the credibility of the witness' character for truthfulness.  The Government intends to offer evidence that Madison distributed cocaine base and this evidence will almost certainly contradict any testimony that Madison offers.  Thus, the Government contends that Madison's credibility is central to the case and supports the admission of his 2001conviction for impeachment purposes.  The Court agrees with the Government.  The Court finds that on balance the probative value for credibility purposes outweighs the potential for prejudice to Madison.  The Court will allow admission of the evidence of his 2001 conviction for the limited purpose of impeachment of his character for truthfulness under Rule 609(a)(1) of the Federal Rules of Evidence.  Thus, the Court denies Madison's motion in limine as to

his 2001 Felon in Possession of a Firearm Conviction.

**OTHER CONVICTIONS**

As stated previously, Madison also moves in limine to exclude evidence of these prior convictions: 1975 military convictions for Possession of Marijuana and Absent without Leave; 1976 St. Clair County conviction for Armed Robbery; and 1996 Gwinnett County, Georgia convictions for Driving Under the Influence of Alcohol and Driving Without Insurance. The Government does not contest the motion in limine as to these prior convictions at this time. Thus, the Court grants the motion in limine as to these convictions.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant Madison's motion in limine to exclude evidence of, references to, and questions regarding his prior convictions (Doc. 38).

**IT IS SO ORDERED**.

Signed this 11th day of June, 2009.

/s/     *DavidRHerndon*

**Chief Judge**
**United States District Court**