IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                                    No. 09-30026-DRH

JACK CURRY,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Curry's *pro se* July 27, 2016 motion to terminate supervised release pursuant to 18 U.S.C. § 3583(e)(1) (Doc. 173). The government, after consultation with the United States Probation Office, opposes the motion (Doc. 176). Based on the record and the applicable law, the Court agrees with the government and finds that early termination of Curry's supervised release is not warranted.

On October 9, 2009, the Court sentenced Curry to 108 months in prison and 4 years supervised release for aiding and abetting the distribution of cocaine base and attempt to possess with intent to distribute cocaine (Docs. 100 & 102). Thereafter, the Court reduced Curry's sentence to 83 months (Doc. 152). Curry's supervised release commenced on May 8, 2015.

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the Court finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553(a)(1));
- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));
- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C));
- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));
- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553(a)(4), (a)(5));
- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553(a)(6)); and
- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. *United States v. Temple,* 464 Fed.Appx. 541, 544 (7th Cir. 2012); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). However, the district judge must give some indication that he considered the relevant statutory factors. *Id.* The Court need not make explicit findings on each of the relevant factors, but the record must reveal the court gave consideration to the § 3553(a) factors. *United States v. Lowe,* 632 F.3d 996, 998

(7th Cir. 2011) (reversing the denial of a motion for early termination of supervised release where the district court did not consider the proper statutory factors and the Government and probation office did not object to the motion). The Seventh Circuit has held that a hearing is not required before denying a request for modification. *See United States v. Nonahal,* 338 F.3d 668, 671 (7th Cir. 2003); *see also United States v. Reagan,* 162 Fed.Appx. 912, 913 (11th Cir. 2006) (finding that no hearing was required before the district court denied a request for early termination of supervised release).

Here, Curry meets the initial requirement – he has been on supervised release for over 1 year (14 months). Therefore, the Court must determine whether Curry's conduct and the interests of justice warrant termination. Having considered the relevant 18 U.S.C. § 3583(e) factors, the Court denies the request. The Court finds that Curry fails to make the necessary showing to warrant early termination of his supervised release. At sentencing, the Court ordered a 4 year term of supervised release which was the least required by law at that time. Thus, Curry has only served a little more than 25% of his supervised release. Also, the Court considers Curry a high risk offender. Further, he is a current participant in Magistrate Judge Wilkerson's Court Assisted Program ("CAP"), which offers as an incentive of compliance early discharge from supervision upon completion.[1] Moreover, there are strong suspicions surrounding his activities which raise reasonable cause to believe he is engaged in criminal activity even though it does not

---

1 CAP is an 18-month program. Curry has completed 7 months of the CAP program.

rise to the level of probable cause and he is not employed.  Therefore, the Court finds the objectives of placing Curry on supervision have not been met and Curry has not earned the opportunity to have his supervision terminated early.

Accordingly, the Court **DENIES** the motion to terminate supervised release pursuant to 18 U.S.C. § 5383(e)(1) (Doc. 173).

**IT IS SO ORDERED.**

Signed this 18th day of August, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.08.18 15:08:38 -05'00'

**United States District Judge**